CLOSED,EFILE

# U.S. District Court
## District of Connecticut (New Haven)
## CRIMINAL DOCKET FOR CASE #: 3:25−mj−00086−RMS−1

Case title: USA v. Salem

Date Filed: 01/30/2025

Date Terminated: 02/03/2025

---

Assigned to: Judge Robert M. Spector

**Defendant (1)**

**Hatem Salem**
*TERMINATED: 02/03/2025*

represented by **Carly Levenson**
Federal Defender's Office
265 Church Street
Suite 702
New Haven, CT 06510
203−498−4200
Email: carly_levenson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

21:841A=CD.F (Conspiracy to distribute 50 grams or more of methamphetamine)

**Disposition**

---

**Plaintiff**

**USA**

represented by **Lauren C Clark**
DOJ−USAO
1000 Lafayette Boulevard
Ste 10th Floor
Bridgeport, CT 06604
203−696−3019
Email: lauren.clark@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2025 | | Arrest (Rule 5) of Hatem Salem (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 1 | MOTION for Pretrial Detention by USA as to Hatem Salem. (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 2 | Minute Entry for proceedings held before Judge Robert M. Spector: granting 1 Motion for Pretrial Detention as to Hatem Salem (1); Initial Appearance in Rule 5 Proceedings as to Hatem Salem held on 1/30/2025; Detention Hearing as to Hatem Salem held on 1/30/2025; Motion Hearing as to Hatem Salem held on 1/30/2025 re 1 MOTION for Pretrial Detention filed by USA. Identity hearing waived. An additional detention hearing will be held on 2/3/2025 at 12:00 PM. 27 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 3 | NOTICE OF E–FILED CALENDAR as to Hatem Salem: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Detention Hearing set for **2/3/2025 at 12:00 PM** in Courtroom Five, 141 Church Street, New Haven, CT before Judge Robert M. Spector (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 4 | SEALED CJA 23 Financial Affidavit by Hatem Salem (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 5 | WAIVER of Rule 5 Hearing by Hatem Salem (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 6 | USM Return of Service on Arrest Warrant executed as to Hatem Salem on 1/30/2025 (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 7 | ORDER as to Hatem Salem pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No.116–182, 134 Stat. 894 (Oct. 21, 2020). Signed by Judge Robert M. Spector on 1/30/2025. (Langello, N) (Entered: 01/30/2025) |
| 01/30/2025 | 8 | ELECTRONIC FILING ORDER FOR COUNSEL as to Hatem Salem – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Robert M. Spector on 1/30/2025. (Langello, N) (Entered: 01/30/2025) |
| 01/31/2025 | 9 | ORDER OF DETENTION as to Hatem Salem. Signed by Judge Robert M. Spector on 01/31/2025. (Spector, Robert) (Entered: 01/31/2025) |
| 02/03/2025 | 10 | MOTION for Bond *Release on Bond* by Hatem Salem. (Levenson, Carly) (Entered: 02/03/2025) |
| 02/03/2025 | 11 | Minute Entry for proceedings held before Judge Robert M. Spector: denying 10 Motion for Bond as to Hatem Salem (1); Detention Hearing as to Hatem Salem held on 2/3/2025; Motion Hearing as to Hatem Salem held on 2/3/2025 re 10 MOTION for Bond *Release on Bond* filed by Hatem Salem. 48 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 02/03/2025) |
| 02/03/2025 | 12 | COMMITMENT TO ANOTHER DISTRICT as to Hatem Salem. Defendant committed to the Eastern District of Virginia. Signed by Judge Robert M. Spector on 2/3/2025. (Langello, N) (Entered: 02/03/2025) |
| 02/03/2025 | 13 | Notice to Eastern District of Virginia of a Rule 5 Initial Appearance as to Hatem Salem; Your case number is: 1:25–mj–26. Using your PACER account please retrieve any necessary documents. The clerk will transmit restricted documents via email. (If you require certified copies of any documents, please send a request to InterdistrictTransfer_CTD@ctd.uscourts.gov.) (Langello, N) (Entered: 02/03/2025) |
| 02/03/2025 | 14 | ORDER as to Hatem Salem re 10 MOTION for Bond *Release on Bond* filed by Hatem Salem. The defendant filed a motion for release on conditions. He proposed to reside at a sober house that had accepted him as a resident. He also proposed conditions of home detention and electronic monitoring. He suggested two co–signers, either of which the Court assumed would be willing to act as a third–party custodian. Other standard conditions, such as drug testing and treatment, would also have applied. The Probation Office recommended release but appeared to suggest more stringent conditions, including home incarceration. The government opposed release. After conducted a bond hearing today and considering all of the information presented both |

in the written filings, including the pretrial services report and the addendum, and in the oral presentations, the Court denied the motion. The Court finds that the government has established by a preponderance of the evidence that the defendant poses a risk of flight and by clear and convincing evidence that he poses a danger to the community, and that the bond package offered would not reasonably assure the Court as to these two issues. First and foremost, the defendant has an extensive criminal history that includes three prior federal convictions for distributing controlled substances. Moreover, on two occasions, he was found to have violated his court–ordered terms of probation and supervised release. Indeed, the federal supervised release revocation led to the imposition of an additional eighteen month term of imprisonment. Second, the defendant faces the most serious charges he has ever faced in this case, by virtue of the fact that he is charged with a methamphetamine distribution offense that carries a mandatory minimum term of ten years of prison. Third, at the time of his arrest in this case, the agents executed a search warrant at his residence and discovered an enormous quantity of a wide range of controlled substances, including between 100 and 200 boxes of a substance used to make GHB, which was the substance the defendant was distributing in one of his prior federal cases. Indeed, the government described the discovery of a GHB lab in the shed behind his residence. The search warrant also revealed over $350,000 in cash and hundreds of thousands of dollars in jewelry. The defendant has strong family ties (including his mother) in Egypt, and recent travel there. The government also alleged that, in his last federal case, he involved some of his family members in the drug trafficking offense. Though the defendant insists that he is an addict in need of intensive drug treatment, his brother and proposed co–signer/third party custodian, indicated that he did not consider his older brother to be a regular drug user. And though the defendant claimed to be making over $165,000 per year through three different businesses, the only business of the three with a storefront (a salon) was shuttered and did not appear to be doing any business. As the Court explained at the conclusion of the hearing, it did not believe either proposed co–signer shared the type of relationship with the defendant that would enable them to also serve as a third–party custodian. As the Court explained, given the nature of the charges, the defendant's criminal history, the seizures at the time of his arrest and his ties outside of the country, the Court denied the motion for release and ordered the defendant transferred to the charging district where he may decide to renew his request for release. The defendant waived his right to conduct a preliminary hearing in Connecticut, but reserved his right to request such a hearing in the charging district and understood that his transport to the Eastern District of Virginia could take time and delay the scheduling of a preliminary hearing
Signed by Judge Robert M. Spector on 02/03/2025. (Spector, Robert) (Entered: 02/03/2025)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case No. 3:25 mj 86 (RMS) |
| | ) | |
| HATEM SALEM | ) | |
| | ) | |

## MOTION FOR DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

The United States respectfully moves for pretrial detention pursuant to:

- ■ **18 U.S.C. § 3142(f)(1) because the case involves–**

  - ☐ **(A)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  - ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death;

  - ■ **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 § 951 et seq.), or Chapter 705 of Title 46;

  - ■ **(D)** any felony, and the defendant has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

  - ☐ **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that

1

involves the possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250.

❑ **18 U.S.C. § 3142(f)(2) because the case involves–**

    ❑ **(A)** a serious risk that the defendant will flee;

    ❑ **(B)** a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

### Part II - Presumptions under § 3142(e)

❑ **(A) Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ❑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ❑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ❑ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

❑ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

❑ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; and

❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

■ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

3

- ■ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

- ❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

- ❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

- ❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

- ❑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Part III

The United States requests that the defendant be detained, and requests that the court find:

- ■ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- ❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following:

- ■ Weight of evidence against the defendant is strong
- ■ Subject to lengthy period of incarceration if convicted
- ■ Prior criminal history
- ■ Participation in criminal activity while on probation, parole, or supervision

4

**Motion for Detention Pending Trial**

---

- ☐ History of violence or use of weapons

- ☐ History of alcohol or substance abuse

- ☐ Lack of stable employment

- ☐ Lack of stable residence

- ☐ Lack of financially responsible sureties

- ☑ Lack of significant community or family ties to this district

- ☐ Significant family or other ties outside the United States

- ☐ Lack of legal status in the United States

- ☐ Subject to removal or deportation after serving any period of incarceration

- ☐ Prior failure to appear in court as ordered

- ☐ Prior attempt(s) to evade law enforcement

- ☑ Use of alias(es) or false documents

- ☐ Background information unknown or unverified

- ☑ Prior violations of probation, parole, or supervised release

☐ OTHER REASONS OR FURTHER EXPLANATION:

## Part IV

The United States requests that the court conduct the detention hearing:

&#9632; at the defendant's first appearance;

&#9633; after a continuance of 3 days, to the extent not otherwise postponed because of

defendant's present incarceration on unrelated state charges.

Respectfully submitted,

MARC H. SILVERMAN
ACTING UNITED STATES ATTORNEY

/s/

Lauren C. Clark
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. PHV09365
US Attorney's Office
Bridgeport Office
1000 Lafayette Blvd., 10th Fl.
Bridgeport, CT 06604
Tele: (203) 696-3000
Fax: (203) 579-5575

<u>CERTIFICATION OF SERVICE</u>

A copy of this motion was served in-person to all parties on this __1/30/2025_____.

/s/

Lauren C. Clark
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT**
**CRIMINAL HEARING MINUTES**

Date January 30, 2025

Case # 3:25-mj-00086-RMS          Dft # 1

Honorable Judge Robert M. Spector

Deputy Clerk Nick Langello

**UNITED STATES OF AMERICA**

Vs.

AUSA Lauren Clark

**Hatem Salem**

Counsel for Defendant Carly Levenson

☐ Retained    ☐ CJA    ☒ FPD

Start Time 2:45 PM   End Time 3:12 PM

USPO Lauren Harte

Recess (if more than ½ hr) _____ to _____

Reporter/ECRO/FTR CourtSmart

Interpreter _____ Language _____

Total Time _____ hours 27 _____ minutes

Hearing held ☒ in person ☐ by video ☐ by telephone

**HEARING AND TIME**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Initial Appearance | ____ | ☒ Initial Appear. Rule 5 | 20 | ☒ Detention | 6 | ☐ Arraignment | ____ |
| ☒ Motion | 1 | ☐ Bond | ____ | ☐ Waiver/Plea | ____ | ☐ Probable Cause | ____ |
| ☐ Change of Plea | ____ | ☐ Conflict | ____ | ☐ Evidentiary | ____ | ☐ Extradition | ____ |
| ☐ Status Conference | ____ | ☐ Competency | ____ | ☐ In Camera | ____ | ☐ Frye | ____ |

☒ Arrest or ☐ Self surrender  Date 1/30/25

☒ Rule 5 charging district Eastern District of Virginia

☐ Case Unsealed

☐ Order appointing FPD

☐ Deft failed to appear

☒ Order appointing Attorney Levenson

☒ CJA23 financial affidavit filed under seal

☐ Set ATTY flag and notify grievance clerk

☒ Oral Brady Order entered and paper to issue

☐ Defendant waives right to proceed in-person

**FILED IN COURT**

| | | |
|---|---|---|
| ☐ Complaint with affidavit | ☐ Sealed Complaint with affidavit | ☐ Waiver of Indictment (case opening) |
| ☐ Felony Information | ☐ Misdemeanor Information | ☐ Waiver of Indictment (mid-case) |
| ☐ Superseding Information | ☐ Substitute Information | ☐ Sealed Information |

**PLEA**

Plea entered of  ☐ NOT guilty  ☐ guilty  ☐ nolo contendere; As to counts _____

Plea agreement letter ☐ filed  ☐ under seal  ☐ to be filed

☐ Petition to enter guilty plea filed

**SENTENCING**

☐ Sentencing set for _____ at _____

☐ Probation 246B Order for PSI & Report filed

☐ Special Assessment of $_____ on count(s) _____. Total of $_____  ☐ due now ☐ due at sentencing

## ORDERS

☑ Waiver of Rule 5 hearing filed
☐ Defendant motions due_____, Govt. responses due _____
☐ Scheduling Order filed ☐ to be filed; ☐Sentencing scheduling order filed
☐ Hearing on pending motions scheduled for _____ at _____
☐ Jury Selection set for _____ at_____ before Judge_____
☐ Defendant's motion for waiver of 10-day notice filed; ☐ Granted ☐Denied ☐Advisement
_____ hearing set for _____ ; continued until_____

## DETENTION

☑ Govt's motion for pretrial detention filed ☑ Granted ☐Denied ☐Advisement
☑ Order of detention filed
☐ Bond set at $_____ ☐ reduced to $_____ ; ☐Non-surety ☐Surety ☐Personal recognizance
☐ Bond ☐revoked ☐reinstated ☐continued ☐modified
☑ No bond set at this time
☐ Order of temporary detention pending hearing filed
☑ Defendant detained
☐ Defendant ordered removed/committed to originating/other District of _____

## CONDITIONS OF BOND

☐ Connecticut restricted travel extended to_____ upon obtaining permission from the USPO. A motion for any other travel with copies to the government and USPO must be filed and approved by the Court.
☐ Defendant must reside at _____.
☐ Defendant must report to USPO ____times a week ☐month; ☐by telephone ☐in person ☐ at USPO discretion
☐ Defendant must surrender passport to the USPO ☐ must not apply for passport
☐ Defendant must refrain from possessing firearms or dangerous weapons
☐ Defendant must refrain from use or unlawful possession, or distribution of narcotic drug
☐ Defendant must maintain employment or actively seek employment
☐ As set forth in the Order Setting Conditions of Release
☐ Other _____
_____

## MOTIONS

☐ Motion for _____filed by☐ USA ☐defendant, ☐granted ☐denied ☐advisement
☐ Motion for _____filed by☐ USA ☐defendant, ☐granted ☐denied ☐advisement
☐ Motion for _____filed by☐ USA ☐defendant, ☐granted ☐denied ☐advisement
☐ Motion for _____filed by☐ USA ☐defendant, ☐granted ☐denied ☐advisement

## NOTES

Identity hearing waived. Probable cause hearing not waived - preserved right to hold the hearing in the charging district. Detention hearing scheduled for 12/3/2025 at 12:00 PM.
_____
_____

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   3:25-mj-86 RMS |
| | ) | |
| Hatem Salem | ) | |
| | ) | Charging District's Case No.     1:25-mj-26 |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*  Eastern District
of Virginia .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been
committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise,
unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary
or detention hearing to which I may be entitled in this district.  I request that my
☑ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by
that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:   1/30/25               _____
                              *Defendant's signature*

                              _____
                              *Signature of defendant's attorney*

                              Carly Levenson
                              *Printed name of defendant's attorney*

Case 3:25-mj-00086-RMS   Document 6   Filed 01/30/25   Page 13 of 27   PageID# 36
Case 1:25-mj-00026-LRV   Document 7   Filed 02/03/25   Page 1 of 1

JAN 30 2025 PM 3:37
FILED-USDC-CT-NEW HAVEN

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>**HATEM SALEM,**<br>Defendant. | ) <br> ) <br> ) Case No.  1:25-mj-26<br> ) <br> ) **UNDER SEAL**<br> ) |

_____ Defendant _____

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   HATEM SALEM                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment      ❏ Superseding Indictment      ❏ Information      ❏ Superseding Information      ☑ Complaint
❏ Probation Violation Petition      ❏ Supervised Release Violation Petition      ❏ Violation Notice      ❏ Order of the Court

This offense is briefly described as follows:

Unlawfully, knowingly, and intentionally combining, conspiring, confederating, and agreeing with others, known and unknown, to unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846.


Date:    01/27/2025                                    **Lindsey R Vaala**    Digitally signed by Lindsey R Vaala
                                                                                        Date: 2025.01.27 15:17:58 -05'00'
                                                                        *Issuing officer's signature*

City and state:   Alexandria, Virginia                    Hon. Lindsey R. Vaala, U.S. Magistrate Judge
                                                                                  *Printed name and title*

INFORMATION COPY ONLY
NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL.

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)*   1/30/25
at *(city and state)* _____

Date:   1/30/25                                             *Arresting officer's signature*

                                                          Volney Young, Special Agent
                                                                *Printed name and title*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
UNITED STATES                 :    No. 3: 25-mj-86        ( RMS )
                              :
v.                            :
                              :
Hatem Salem                   :    DATE: 1/30/2025
                              :
------------------------------x
```

### ORDER

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. Id. at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. <u>See</u> 18 U.S.C. App. 3 §§1 <u>et seq.</u>

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

It is so ordered.

/s/ Robert M. Spector

HON. Robert M. Spector

UNITED STATES Magistrate JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

<u>ELECTRONIC FILING ORDER IN MAGISTRATE CASES</u>

This case is designated as an electronically filed case. This means that all pleadings will be required to be filed electronically. Documents filed electronically must be filed in OCR text searchable PDF format. The procedures contained in the District's CM/ECF Policies and Procedures Manual will apply and counsel will be required to register with the Clerk's Office and provide an email address. The Manual can be found on the court's website at www.ctd.uscourts.gov. All activity in the case (e.g., pleadings, orders, notices and calendars) will be filed/sent electronically from this date forward.

Counsel must comply with all applicable Federal Rules of Criminal Procedure, the District's Local Rules, the requirements set forth in the District's CM/ECF Policies and Procedures Manual, and any other rules and administrative procedures which implement the District's CM/ECF system.

If electronic filing would impose an undue burden on counsel or the parties, a motion may be made to vacate the Electronic Filing Order, for good cause shown.

SO ORDERED.

/s/ Robert M. Spector
United States Magistrate Judge

Rev 5/1/18

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Hatem Salem | ) | Case No.  3:24mj86(RMS) |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

&#9745; Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

&#10065; Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

&#10065; **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

&#10065; **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

&#10065; **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

&#10065; **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

&#10065; **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

&#10065; **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

&#10065; **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

&#10065; **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

&#10065; **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

&#10065; **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 09/16) Order of Detention Pending Trial

---

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ❑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

   ☑ The defendant has not introduced sufficient evidence to rebut the presumption above.

   **OR**

   ❑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

   ❑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

   ❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

   ❑ Weight of evidence against the defendant is strong
   ❑ Subject to lengthy period of incarceration if convicted
   ❑ Prior criminal history
   ❑ Participation in criminal activity while on probation, parole, or supervision
   ❑ History of violence or use of weapons
   ❑ History of alcohol or substance abuse
   ❑ Lack of stable employment
   ❑ Lack of stable residence
   ❑ Lack of financially responsible sureties
   ❑ Lack of significant community or family ties to this district

AO 472 (Rev. 09/16) Order of Detention Pending Trial

❑ Significant family or other ties outside the United States
❑ Lack of legal status in the United States
❑ Subject to removal or deportation after serving any period of incarceration
❑ Prior failure to appear in court as ordered
❑ Prior attempt(s) to evade law enforcement
❑ Use of alias(es) or false documents
❑ Background information unknown or unverified
❑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The government alleges, and the defendant agrees, that the rebuttable presumption applies in this case by virtue of the charge against the defendant in the Complaint, which alleges a violation of 21 U.S.C. secs. 841(a)(1), 841(b)(1)(A) and 846. The defendant has consented to the entry of an order of detention and requested that this order be without prejudice to reconsideration at a bond hearing scheduled on February 3, 2025. This written order of detention is without prejudice to reconsideration at the scheduled bond hearing, but, should the hearing not go forward for any reason, shall serve as the Court's order of pretrial detention until such time as the defendant seeks reconsideration.

**Part IV – Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          01/31/2025                                    /s/ Robert M. Spector

                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

                vs.                    :    CRIMINAL NOS. 3:25-MJ-00086-RMS

HATEM SALEM                :

                                       February 3, 2025

## **MOTION FOR RELEASE ON BOND**

Mr. Hatem Salem respectfully requests that the Court release him on bond under the proposal described in this motion. In support of this motion, Mr. Salem states as follows:

1. On January 30, 2025, Hatem Salem was arrested in the District of Connecticut pursuant to a criminal complaint out of the Eastern District of Virginia. He had his Rule 5 initial appearance in the District of Connecticut before this Court, the Honorable United States Magistrate Judge Robert M. Spector, on that same date. At the time of his initial appearance, he waived an identity hearing, reserved the right to have a preliminary hearing in the charging district, and requested a bond hearing in the District of Connecticut for February 3, 2025. Doc. #2.

2. On the date of his arrest, Mr. Salem was interviewed by the United States Probation Office, who prepared a bail report. The Probation Office recommended release, contingent on certain conditions being met.

3. In connection with the February 3 bond hearing, Mr. Salem proposes release subject to the following conditions:

    a. Reside at the New Beginnings sober house[1] in New Haven, Connecticut.

    _____

[1] The address of the sober house has been provided to Probation and the government.

       i.  Mr. Salem was screened by and accepted to New Beginnings on January 31, 2025. New Beginnings has provided documentation of his acceptance, and contact information for a staff member has been provided to Probation.

      ii.  A copy of the sober house's rules has been provided to Probation. The rules include (but are not limited to) random room inspections and drug testing.

    iii.  Mr. Salem will share a room with roommate(s) at New Beginnings.

b.  Submit to GPS location monitoring.

c.  Submit to home detention, which could be a heightened version of home detention (in between home detention and home incarceration), as suggested by Probation.[2]

d.  Engage in drug treatment (IOP or whatever level of treatment is recommended once evaluated), mental health treatment, and drug testing.

e.  Non-surety bond in an amount deemed appropriate by the Court:

       i.  Bond will be co-signed by Mr. Salem's brother, Amro Salem, and his longtime friend, Michael Servidio. Their contact information was provided to Probation on January 31, 2025.

      ii.  Bond could also be secured by Mr. Salem's house, which he owns, if necessary.

f.  Surrender passport and do not apply for any other travel document.

g.  Travel restricted to District of Connecticut, except for travel to the Eastern District of Virginia for court dates, which will be accompanied by one of the co-signers (serving as travel third-party custodians).

---

[2] Probation initially recommended home incarceration in the bail report, but that contemplated Mr. Salem living at a traditional residence rather than a sober house. Undersigned counsel has discussed with Probation what effect the sober house has on the Probation Officer's recommendation for home incarceration. Probation indicated that with residence in the sober house, Probation would recommend a heightened version of home detention rather than home incarceration, permitting Mr. Salem to leave the sober house to engage in treatment and any other activities that the sober house may require, all monitored by GPS.

h. All other standard conditions of release, as well as any additional conditions deemed necessary by Probation or the Court, including the additional conditions listed in Probation's bail report.

Respectfully Submitted,

THE DEFENDANT,
Halem Satem

FEDERAL DEFENDER OFFICE

Date: February 03, 2025

/s/ Carly Levenson
Carly Levenson
Assistant Federal Defender
235 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: phv09665
Email: carly_levenson@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 03, 2025, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Carly Levenson
Carly Levenson

4

**UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT**
**CRIMINAL HEARING MINUTES**

Date February 3, 2025

Case # 3:25-mj-00086-RMS     Dft # 1

**UNITED STATES OF AMERICA**

Vs.

**Hatem Salem**

Start Time 12:41 PM   End Time 1:29 PM

Recess (if more than ½ hr) _____ to _____

Total Time _____ hours 48 minutes

Honorable Judge Robert M. Spector

Deputy Clerk Nick Langello

AUSA Lauren Clark

Counsel for Defendant Carly Levenson

☐ Retained   ☐ CJA   ■ FPD

USPO Lauren Harte

Reporter/ECRO/FTR CourtSmart

Interpreter _____ Language _____

Hearing held ■ in person ☐ by video ☐ by telephone

**HEARING AND TIME**

| | | | |
|---|---|---|---|
| ☐ Initial Appearance ____ | ☐ Initial Appear. Rule 5 ____ | ■ Detention 25 | ☐ Arraignment ____ |
| ■ Motion 23 | ☐ Bond ____ | ☐ Waiver/Plea ____ | ☐ Probable Cause ____ |
| ☐ Change of Plea ____ | ☐ Conflict ____ | ☐ Evidentiary ____ | ☐ Extradition ____ |
| ☐ Status Conference ____ | ☐ Competency ____ | ☐ In Camera ____ | ☐ Frye ____ |

☐ Arrest or ☐ Self surrender  Date _____
☐ Case Unsealed
☐ Deft failed to appear
☐ CJA23 financial affidavit filed under seal
☐ Oral Brady Order entered and paper to issue

☐ Rule 5 charging district _____
☐ Order appointing FPD
☐ Order appointing Attorney _____
☐ Set ATTY flag and notify grievance clerk
☐ Defendant waives right to proceed in-person

**FILED IN COURT**

| | | |
|---|---|---|
| ☐ Complaint with affidavit | ☐ Sealed Complaint with affidavit | ☐ Waiver of Indictment (case opening) |
| ☐ Felony Information | ☐ Misdemeanor Information | ☐ Waiver of Indictment (mid-case) |
| ☐ Superseding Information | ☐ Substitute Information | ☐ Sealed Information |

**PLEA**

Plea entered of  ☐ NOT guilty  ☐ guilty  ☐ nolo contendere; As to counts _____

Plea agreement letter ☐ filed ☐ under seal ☐ to be filed

☐ Petition to enter guilty plea filed

**SENTENCING**

☐ Sentencing set for _____ at _____
☐ Probation 246B Order for PSI & Report filed
☐ Special Assessment of $_____ on count(s) _____. Total of $_____ ☐ due now ☐ due at sentencing

## ORDERS

☐ Waiver of Rule 5 hearing filed
☐ Defendant motions due_____, Govt. responses due _____
☐ Scheduling Order filed ☐ to be filed; ☐Sentencing scheduling order filed
☐ Hearing on pending motions scheduled for _____ at _____
☐ Jury Selection set for _____ at_____ before Judge_____
☐ Defendant's motion for waiver of 10-day notice filed; ☐ Granted ☐Denied ☐Advisement
_____ hearing set for _____ ;  continued until_____

## DETENTION

☐ Govt's motion for pretrial detention filed ☐ Granted ☐Denied ☐Advisement
☐ Order of detention filed
☐ Bond set at $_____ ☐ reduced to $_____ ; ☐Non-surety ☐Surety ☐Personal recognizance
☐ Bond ☐revoked ☐reinstated ☐continued ☐modified
◼ No bond set at this time
☐ Order of temporary detention pending hearing filed
☐ Defendant detained
☐ Defendant ordered removed/committed to originating/other District of _____

## CONDITIONS OF BOND

☐ Connecticut restricted travel extended to_____ upon obtaining permission from the USPO. A
   motion for any other travel with copies to the government and USPO must be filed and approved by the Court.
☐ Defendant must reside at _____.
☐ Defendant must report to USPO ____times a week ☐month; ☐by telephone ☐in person ☐ at USPO discretion
☐ Defendant must surrender passport to the USPO ☐ must not apply for passport
☐ Defendant must refrain from possessing firearms or dangerous weapons
☐ Defendant must refrain from use or unlawful possession, or distribution of narcotic drug
☐ Defendant must maintain employment or actively seek employment
☐ As set forth in the Order Setting Conditions of Release
☐ Other _____
_____

## MOTIONS

◼ Motion for Release from Custody _____ filed by☐ USA ◼defendant, ☐granted ◼denied ☐advisement
☐ Motion for _____ filed by☐ USA ☐defendant, ☐granted ☐denied ☐advisement
☐ Motion for _____ filed by☐ USA ☐defendant, ☐granted ☐denied ☐advisement
☐ Motion for _____ filed by☐ USA ☐defendant, ☐granted ☐denied ☐advisement

## NOTES

Defendant reserves right to hold the probable cause hearing in the Eastern District of Virginia.
_____
_____
_____

Rev. 9/5/24

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Hatem Salem | ) | Case No.   3:25-mj-00086-RMS |
| | ) | |
| | ) | Charging District's |
| _Defendant_ | ) | Case No.   1:25-mj-26 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the         Eastern         District of  Virginia                    ,

_(if applicable)_                                        division.  The defendant may need an interpreter for this language:

                                    .

The defendant:      ☐  will retain an attorney.

                    ☑  is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

   **IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.


Date:        02/03/2025                                         /s/ Robert M. Spector
                                                              _Judge's signature_


                                                         Robert M. Spector, U.S.M.J.
                                                              _Printed name and title_